IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

ALLY BANK,

    *Plaintiff,*

vs.

RODNEY R. BRADSHAW, *et al.*,

    *Defendants.*

Case No. 15-cv-01217-EFM-KGG

ORDER

This matter comes before the Court on Plaintiff Ally Bank's ("Ally's") Motion for Remand (Doc. 5), which Ally filed in response to Defendant Rodney Bradshaw's ("Bradshaw's") notice of removal. Ally originally filed this action in the District Court of Hodgeman County, Kansas, asserting claims for breach of contract and replevin under Kansas law. Because the Court finds that it does not have subject matter jurisdiction, the Court grants Ally's motion and remands the case to the District Court of Hodgeman County, Kansas.

## I.     Procedural Background

On October 26, 2011, Bradshaw entered into an installment contract with a vehicle dealership to purchase a 2011 Chevy Silverado for $39,004.36. The contract required Bradshaw to make fifty-eight monthly payments of approximately $650. On the same day the contract was

executed, it was assigned to Ally, who perfected its lien. Allegedly, Bradshaw and/or Defendant Doe[1] later defaulted on the contract with a balance remaining due of $16,159.14.

Ally filed a two-count petition in the District Court of Hodgeman County, Kansas, for replevin and breach of contract under Kansas state law. On July 9, 2015, Bradshaw filed a notice of removal, asserting that this Court has subject matter jurisdiction under 28 U.S.C. § 1331. Bradshaw then answered Ally's petition and asserted two counterclaims—one for violation of the Fair Debt Collections Practices Act ("FDCPA"), 15 U.S.C. §§ 1692 *et seq.*, and one for breach of contract. Ally subsequently filed a Motion for Remand, which is pending before the Court.

## II.  Legal Standard

Removal of a case to federal court is governed by 28 U.S.C. § 1441, which provides in relevant part:

> (a) Except as otherwise expressly provided by Act of Congress, any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant . . . to the district court of the United States for the district and division embracing the place where such action is pending.

A civil action is removable only if a plaintiff could have originally brought the action in federal court.[2] "If at any time before final judgment it appears that the district court lacks subject matter jurisdiction," the district court must remand the case.[3] Because federal courts are courts of

---

[1] Defendant Doe represents a person unknown to Plaintiff who either has possession of the vehicle or claims right to the vehicle.

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1447(c).

limited jurisdiction, the law imposes a presumption against federal jurisdiction.[4]  The Court will resolve any doubts concerning removability in favor of remand.[5]

### III.  Analysis

Bradshaw asserts that this Court has subject matter jurisdiction because his counterclaims meet the requirements for federal question jurisdiction and diversity jurisdiction.  Ally opposes this assertion, generally arguing that a counterclaim cannot serve as the basis for subject matter jurisdiction.  The Court first will address whether it has federal question jurisdiction and then turn to whether it has diversity jurisdiction.

#### A.  Federal Question Jurisdiction

The "well-pleaded complaint rule" governs whether there is federal question jurisdiction.[6]  Under this rule, "federal jurisdiction exists only when a federal question is presented on the face of the plaintiff's properly pleaded complaint."[7]  As a result, cases brought in state court may not be removed to federal court even if both parties concede that the federal defense is the only question truly at issue.[8]  This also applies to counterclaims brought under federal law.[9]

---

[4] *Frederick & Warinner v. Lundgren*, 962 F. Supp. 1580, 1582 (D. Kan. 1997) (citing *Basso v. Utah Power & Light Co.*, 495 F.2d 906, 909 (10th Cir. 1974)).

[5] *J.W. Petroleum, Inc. v. Lange*, 787 F. Supp. 975, 977 (D. Kan. 1992).

[6] *Caterpillar, Inc. v. Williams*, 482 U.S. 386, 392 (1987).

[7] *Id*.

[8] *Id*. at 393.

[9] *See Radio Shack Franchise Dept. v. Williams*, 804 F. Supp. 151, 152 (D. Kan. 1992) (citations omitted); *Turner v. Lester*, 2008 WL 2783544, at *3 (D. Kan. July 17, 2008); *Star Fuel Ctrs., Inc. v. Full Stop, Inc.*, 2006 WL 2038052, at *1 (D. Kan. July 19, 2006) (citing *In re adoption of Baby C*, 323 F. Supp. 2d 1082, 1085 (D. Kan. 2004)).

Bradshaw does not allege that any of Ally's claims arise under federal law. Ally is pursuing a replevin and a breach of contract action—both of which are governed by Kansas law. Bradshaw's only basis for arguing that federal question jurisdiction is appropriate is his FDCPA claim. This is not sufficient to confer jurisdiction under the well-pleaded complaint rule. Accordingly, the Court finds that jurisdiction is not available under 29 U.S.C. § 1331.

**B.  Diversity Jurisdiction**

The second basis for removal cited by Bradshaw is diversity jurisdiction, which requires complete diversity between the parties and an amount in controversy in excess of $75,000.[10] The party requesting removal must allege "a short and plain statement of the grounds for removal," which includes "a plausible allegation that the amount in controversy exceeds the jurisdictional threshold."[11] The defendant bears the burden to demonstrate by a preponderance of the evidence that the Court has jurisdiction.[12]

Bradshaw has not met his burden to establish diversity jurisdiction in this case. Neither Ally's petition nor Bradshaw's notice of removal establishes the requisite jurisdictional amount. Bradshaw claims he meets the jurisdictional amount because he seeks more than $75,000 in damages based on his counterclaims. But, Bradshaw filed his counterclaims after he removed the case to federal court. "[R]emoval is permissible only where original jurisdiction exists at the time of removal or at the time of the entry of final judgment."[13] Because Bradshaw's

---

[10] 28 U.S.C. § 1332.

[11] *Dart Cherokee Basin Operating Co. v. Owens*, -- U.S.--, 135 S. Ct. 547, 551, 553-54 (2014) (citing U.S.C. § 1446(a)).

[12] *Id*. at 553-54.

[13] *Lexecon Inc. v. Milber Weiss Bershad Hynes & Lerach*, 523 U.S. 26, 43 (1998); *see also Pfeiffer v. Hartford Fire Ins. Co.*, 929 F.2d 1484, 1488 (10th Cir. 1991) ("[T]he propriety of removal is judged on the complaint as it stands at the time of removal.").

counterclaims were not on file when he removed this action, the value of those counterclaims may not be used in determining the amount in controversy.[14] Furthermore, even if Bradshaw's counterclaims had been filed at the time of removal, the Court still does not have diversity jurisdiction. Courts in this circuit have not considered the value of counterclaims in determining the amount in controversy in removal cases.[15] Therefore, the Court does not have jurisdiction under 28 U.S.C. § 1332.

**IT IS THEREFORE ORDERED** that Ally's Motion for Remand (Doc. 5) is **GRANTED**. The case is hereby remanded to the District Court of Hodgeman County, Kansas.

**IT IS SO ORDERED**.

Dated this 21st day of January, 2016.

ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE

---

[14] *Martin Pet Products, Inc. v. Lawrence*, 814 F. Supp. 56, 58 (D. Kan. 1993) (citing *Longquist v. J.C. Penney Co.*, 421 F.2d 597, 599 (10th Cir. 1970)); *see St. Paul Reinsurance Co., Ltd. v. Greenberg*, 134 F.3d 1250, 1254 (10th Cir. 1998).

[15] *See Martin Pet Products, Inc.*, 814 F. Supp. at 58; *Dresser-Rand v. Northern Natural Gas Co.*, 2000 WL 286733, at *2-*3 (D. Kan. Jan. 19, 2000) (and cases and authorities cited in decision).